IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:12-cv-02046-CMA-KLM

OTTER PRODUCTS, LLC, a Colorado Limited Liability Company,

Plaintiff,

v.

EMAX WIRELESS, INC., a California Corporation,

Defendant.

JURY DEMANDED

**DEFENDANT EMAX WIRELESS, INC.'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT AND JURY DEMAND**

Defendant Emax Wireless, Inc. ("Emax") answers the Complaint filed by Plaintiff Otter Products, LLC ("Otter"), in numbered paragraphs as follows:

1. Defendant lacks sufficient knowledge to admit or deny the allegations of paragraph 1, and therefore denies the allegations in paragraph 1 of the Complaint.

2. Admit.

3. Admit.

4. Admit.

5. Deny.

6. Defendant admits that U.S. Patent No. 7,933,122 (“the ’122 Patent”) entitled “PROTECTIVE ENCLOSURE FOR A COMPUTER” was issued on April 26, 2011 to Curtis R. Richardson, Alan Morine, Brian Thomas, Jaime Lee Johnson and Jason Michael Thomas and that a copy was attached to the Complaint as **Exhibit A**, but Defendant otherwise lacks sufficient knowledge to admit or deny the remaining allegations of paragraph 6, and therefore denies paragraph 6 of the Complaint.

7. Deny.

8. Defendant lacks sufficient knowledge to admit or deny the allegations of paragraph 8, and therefore denies the allegations in paragraph 8 of the Complaint.

9. Defendant incorporates by reference its responses to paragraphs 1 through 8 as if fully set forth herein.

10. Admit.

11. Deny.

12. Deny.

13. Deny.

14. Defendant is not able to admit or deny.

## **PRAYER FOR RELIEF**

Defendant denies that Otter is entitled to any of the relief requested in paragraphs A through D of the Prayer for relief.

**FIRST AFFIRMATIVE DEFENSE**

Plaintiff's Complaint fails to state any claim against Emax upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

Emax has not infringed, and is not infringing, any valid and enforceable claim of the '122 patent, either literally or under the Doctrine of Equivalents, nor has Emax induced or contributed to the infringement of any valid and enforceable claim of '122 patent.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiff's claims for relief against Emax are barred in whole or in part by the doctrines of laches, estoppel and/or waiver.

**FOURTH AFFIRMATIVE DEFENSE**

The claims of the '122 patent are invalid for failure to comply with the requirements of 35 U.S.C. § 101 *et seq.*

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's claims against Emax are barred in whole or in part by the doctrine of prosecution history estoppel.

**SIXTH AFFIRMATIVE DEFENSE**

15. Plaintiff is barred, in whole or in part, from collecting damages prior to the commencement of this action by 35 U.S.C. § 287.

## COUNTERCLAIMS

Defendant/Counter-plaintiff Emax ("Emax" or "Counter-plaintiff") asserts this counterclaim against Plaintiff/Counter-defendant Otter Products, LLC ("Otter" or "Counter-defendant") and for cause alleges as follows:

### I. THE PARTIES

1. Counter-plaintiff Emax is a California corporation with a principle place of business at 19973 Harrison Avenue, City of Industry, CA 91789.

2. Counter-defendant is a Colorado limited liability company with its principal place of business at 209 S. Meldrum Street, Fort Collins, Colorado 80521.

### II. JURISDICTION AND VENUE

3. The Court has subject matter jurisdiction over this controversy under 28 U.S.C. §§ 1331 and 11331 and 1338(a) and (b) because it is a civil action involving a federal question. The Court also has subject matter jurisdiction over this controversy under 28 U.S.C. § 1332 as the action is between citizens of different states and the amount in controversy in this action, exclusive of interest and costs, exceeds the sum of $75,000. The Court also has subject matter jurisdiction over this controversy under 28 U.S.C. § 2201.

4. The Court has personal jurisdiction over Counter-defendant because Counter-defendant's principal place of business is in the forum, and Counter-defendant regularly conducts business in the forum.

5. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c).

### COUNT ONE
### DECLARATORY JUDGMENT OF NON-INFRINGEMENT

6. Emax incorporates by reference the allegations contained in paragraphs 1 through 5, as if fully set forth herein.

7. An actually controversy exists between Emax and Otter regarding the alleged acts of infringement by Emax of Otter's intellectual property, as identified in Otter's averments in the Complaint and Emax's Answer to the Complaint.

8. Emax has not infringed and does not infringe the '122 patent by any product(s) that Emax makes, uses, offers for sale and/or sells or any method that Emax uses.

9. Emax is entitled to a declaratory judgment that its products do not infringe any claim of the '122 patent.

10. This is an exceptional case under 35 U.S.C. § 285 and Emax is entitled to an award of its costs, expenses and reasonable attorneys' fees.

## COUNT TWO
## DECLARATORY JUDGMENT OF INVALIDITY

11. Emax incorporates by reference the allegations contained in paragraphs 1 through 10, as if fully set forth herein.

12. An actual controversy exists between Emax and Otter regarding the validity of the '122 patent.

13. The claims of the '122 patent are invalid for failure to comply with the requirements of 35 U.S.C. §§ 101 *et seq.*

14. Emax is entitled to a declaratory judgment that the claims of the '122 patent are invalid.

15. This is an exceptional case under 35 U.S.C. § 285 and Emax is entitled to an award of its costs, expenses and reasonable attorneys' fees.

**RELIEF REQUESTED**

For these reasons, Emax requests that this Court enter judgment that:

1. Emax has not infringed the '122 patent;
2. each of the claims of the '122 patent are invalid;
3. the complaint against Emax be dismissed with prejudice;
4. the case be declared exceptional under 35 U.S.C. § 285 and 17 U.S.C. § 1117(a);
5. Emax be awarded its attorneys' fees and costs pursuant to 35 U.S.C. § 285, 17 U.S.C. § 1117(a), or any other law; and
6. the Court grant Emax any other relief deemed appropriate.

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Emax hereby requests a trial by jury of the issues triable herein.

Dated: December 19, 2012

Respectfully submitted,

/s/ Erick P. Wolf

Erick P. Wolf
California State Bar No.: 224906
WHGC, P.L.C.
1301 Dove Street, Suite 1050
Newport Beach, CA 92660
Telephone: 949-833-8483
Fax: 949-833-2281
Email: erickwolf@whgclaw.com
Attorney for Defendant and Counterclaimant
Emax Wireless, Inc.

## CERTIFICATE OF SERVICE

I certify that, on the date set forth below, I served:

**DEFENDANT EMAX WIRELESS, INC.'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT AND JURY DEMAND**

using the CM/ECF system.

Dated: December 19, 2012

/s/ Erick P. Wolf
Erick P. Wolf
California State Bar No.: 224906
Attorney for Defendant and Counterclaimant
Emax Wireless, Inc.

WHGC, P.L.C.
1301 Dove Street, Suite 1050
Newport Beach, CA 92660

Telephone: 949-833-8483
Fax: 949-833-2281
Email: erickwolf@whgclaw.com